UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>　　　　　　　　　　　　　　　　　　)<br>　　　　　Plaintiff,　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　)<br>　　v.　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　)<br>JAMES K. WILLIAMS　　　　　　　　)<br>VICKI J. WILLIAMS,　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　)<br>　　　　　Defendants.　　　　　　　) | Civil No. 08-427-B-W |

**RECOMMENDED DECISION ON MOTION TO DISMISS**

Vicki J. Williams has moved to dismiss the United States of America's complaint for foreclosure brought against her and her ex-husband, James K. Williams.[1] According to Williams the property sought to be foreclosed in this matter is residential property and she is occupying a portion of the property as her primary residence and the mortgage secures a loan for personal, family, or household use. Therefore, says Williams, 14 M.R.S. § 6111 governs this proceeding and she was entitled to 30 days written notice of default prior to the commencement of this lawsuit, which notice she never received. (See Williams Aff., Doc. No. 5-2.)

Not so fast, says the United States, pursuant to the supremacy clause, federal foreclosure procedures apply here. But even if the Maine statute did apply to this case, the defendants' mortgages would not be covered because, according to the United States, the funds were borrowed for farm ownership purposes, not for personal, family or household use and she received written notice of the intent to foreclose more than two

---

[1] James Williams has not appeared in this action; the couple are divorced. From here on out in this opinion, "Williams" refers only to Vicki Williams.

years prior to the commencement of the lawsuit.[2]  Williams has not responded to the United States' assertion that the funds were for farm ownership purposes and that she received written notice of the intent to foreclose two years ago.  I now recommend the Court deny the motion to dismiss.

### Discussion

When considering a Federal Rule of Civil Procedure 12 motion to dismiss, the Court must accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences in the plaintiffs' favor, and determine whether the complaint, when taken in the light most favorable to the non-movant, sets forth sufficient facts to support the claim for relief.  Clorox Co. P.R. v. Proctor & Gamble Commer. Co., 228 F.3d 24, 30 (1st Cir. 2000); LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir. 1998). In effect, the record for purposes of the pending motion to dismiss is comprised of the allegations set forth in the complaint and the exhibits attached thereto which include thirteen separate exhibits consisting of six separate promissory notes signed by James and Vicki Williams, three mortgage deeds signed by James and Vicki Williams, and assorted court documents relating to the divorce and judgment liens obtained by other creditors, not relevant to the instant motion.

In support of this motion neither party has submitted a narrowly tailored statement of facts that complies with District of Maine Local Rule 56.  However, for purposes of addressing this motion, I am asked by both parties to consider evidence outside the complaint and the exhibits expressly referred to therein.  If I decide to base my

---

[2]  The United States related that Vicki Williams "responded to the notice by hand delivering a copy of the Response to Notice Informing Me of FSA's Intent to Accelerate my Loan to the Farm Service Agency on August 9, 2004. While she was present at the FSA office on August 9, 2004, a meeting was scheduled with her for August 16, 2004. Defendant did not show up on August 16, 2004 for the meeting." (Resp. Mot. Dismiss at 4.)

recommendation on a finding drawn from the former category of evidence, I must convert the motion into a motion for summary judgment subject to Federal Rule of Civil Procedure 56, including subsection (f), and this District's Local Rule 56. See, e.g., Coyne v. Cronin, 386 F.3d 280, 286 (1st Cir. 2004) (asserting that the district court should have "taken into account" certain concessions contained in the plaintiff's affidavit to the extent they were germane to the defendant's Federal Rule of Civil Procedure 12 immunity defense, which the district court was legally obliged to resolve as soon as possible); McMillan ex rel. Estate of McMillan v. College Pro Painters (U.S.) Ltd., 350 F. Supp. 2d 132, 135 (D. Me. 2004), reconsideration granted, denial mot. dismiss aff'd, 352 F.Supp.2d 4 (D.Me. 2005) (declining to convert a motion to dismiss into a motion for summary judgment where the Worker's Compensation Act's immunity provision was raised but the defense turned on a "nuanced" factual dispute, the defendant's sole evidentiary submission was an affidavit from an interested witness and the defendant's motion was not in compliance with Local Rule 56). There are, of course, certain categories of documents that may be merged into the complaint, and therefore properly considered by the Court when the motion invokes Rule 12. Beddall v. State Street Bank & Trust Co., 137 F.3d 12, 17 (1st Cir. 1998)("When . . . a complaint's factual allegations are expressly linked to -- and admittedly dependent upon -- a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss Rule 12(b)(6).").

      Leaving aside the legal argument that Vicki Williams attempts to raise by her motion (that is, that the 14 M.R.S. § 6111 notice provision is applicable to this mortgage), it is clear that her affidavit and the competing exhibits submitted by the United States

3

raise at least two significant factual disputes. The United States disputes that this loan was for household purposes and it disputes the fact that it failed to give written notice of its intent to accelerate the notes due to default and to foreclose on the mortgages. In order to overcome those factual disputes I would have to rely entirely upon the affidavit of Vicki Williams which is simply not the type of document that effectively merges into the complaint and can be considered by this Court on a motion to dismiss.

## Conclusion

Based upon the foregoing I recommend the Court deny the motion to dismiss.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

February 18, 2009.