UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 08-CV-427-B-W |
| | ) | |
| VICKI J. WILLIAMS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDED DECISION ON MOTION FOR SUMMARY JUDGMENT**

The United States filed this foreclosure action against Vicki J. Williams and her ex-husband, James K. Williams.  Now pending is a motion by the United States requesting summary judgment in its favor against Vicki J. Williams, the only non-defaulted party at this juncture.  Ms. Williams's solitary opposition to the motion is that the United States failed to give her notice of her right to cure in accordance with 14 M.R.S. § 6111(1).  She offers testimony by way of affidavit that the premises in question are being used for personal and household use.  This defense raises a state law question and a federal law question.  The state law issue is whether a FmHA Instruction 1951-S, Exhibit A, dated April 13, 2004 (Reply Statement Ex. N), followed by a FmHA Instruction 1951-S, Exhibit A, Attachment 9-A, dated July 22, 2004 (Notification of Intent to Accelerate, Reply Statement Ex. P), satisfied the notification requirement stated in § 6111(1), which requires notice "that the mortgagor has the right to cure the default by full payment of all amounts that are due without acceleration" by tendering payment "before the date specified in the notice."  14 M.R.S. § 6111(1).  In the event that the United States ran afoul of this state law foreclosure requirement, the federal law issue is whether § 6111 even applies to the

foreclosure of a USDA-FmHA loan, because the mortgagee is the federal government and federal regulations exist that specify the notices mortgagors will receive in the event of foreclosure. Because I conclude that the notices provided by the United States complied with 14 M.R.S. § 6111(1), I recommend the court grant summary judgment against Vicki Williams.

## MATERIAL FACTS

There is no dispute in this case that the loans identified in the complaint are seriously in default or that the United States does not have cause to pursue foreclosure against Vicki Williams, the only party not in default. The only disputes are whether the property includes the primary residence of Ms. Williams and whether the notifications supplied to Williams by the United States preliminary to this foreclosure action were sufficient under Maine law.

The United States admits that Ms. Williams has her primary residence on the premises. (Additional Statement ¶ 1; Reply Statement ¶ 1.) It denies, however, that she obtained the loans in question for personal, family, or household use. (Id. ¶ 2.) The denial refers to exhibits that demonstrate that the loans were made for farm ownership purposes. (Id.)

Ms. Williams offers the following statement related to notification compliance: "Defendant never received a notice from Plaintiff that they intended to foreclose *and* stating to avoid foreclosure she could pay all amounts then due." (Additional Statement ¶ 3 (emphasis added).[1]) The United States denies this statement and attaches two material notification forms sent to the Williamses. One form is FmHA Instruction 1951-S, Exhibit A. The other is FmHA Instruction 1951-S, Exhibit A, Attachment 9-A.

FmHA Instruction 1951-S, Exhibit A states the following:

---

[1] I draw attention to the "and," because I do not read this statement as a statement to the effect that no notifications were received. Rather, the statement indicates that the notification received was insufficient under Maine law.

### III.     Foreclosure and Liquidation

**What Happens If You Do Not Apply [for certain federal assistance programs] Within 60 Days?**

The Agency will accelerate your loan *if you continue to be delinquent* or in nonmonetary default.

(April 15, 2004, Notification, Reply Statement Ex. N, Doc. 40-15 at 2.)  The date on this notification is more than four years prior to the commencement of this action.  More than 90 days later came FmHA Instruction 1951-S, Exhibit A, Attachment 9-A, which no longer mentioned any opportunity to cure, but still held out the possibility of administrative meetings and administrative appeals.  (July 22, 2004, Notification, Reply Statement Ex. P, Doc. 40-17.)[2]

### DISCUSSION

In its motion for summary judgment, the United States asserts the following:  "By the terms of the mortgage agreement, the statutory foreclosure law of Maine is to be applied in this foreclosure action."  (Mot. for Summary J. at 3, Doc. No. 30.)  In opposition to foreclosure, Vicki Williams asserts that the United States failed to follow proper foreclosure procedure because it failed to observe the requirements set forth in 14 M.R.S. § 6111(1).  This is the only objection asserted against the summary judgment motion.  (Opposition Mem. at 1-2, Doc. No. 35.)  In reply to this opposition, the United States attempts to refute the notion that the loans it issued to the Williamses were obtained for personal, family, or household use.  The United States also argues that its form notifications were sufficient to comply with § 6111, in any event.

---

[2]     At the end of exhibit N the United States has appended evidence of mailing by certified mail, with a domestic return receipt (PS Form 3811) signed by someone with the last name Randall.  The addressees are James K. Williams and Vicki J. Williams, 196 Alton Tannery Road, Alton, ME 04468.  (Id.)  Equivalent evidence of mailing by certified mail, return receipt requested, is appended to the final page of exhibit P, though the signature is from one Briana Williams.  (Id.)  As already indicated, I do not read Williams's additional statement 3 to deny receipt of the notices alluded to by the United States in its statement of material facts, only a contention that she did not receive a notification that complied with 14 M.R.S. § 6111.

(Reply Mem. at 3-4, Doc. No. 39.)  Should the Court disagree with these arguments, the United States takes the position that it need not observe state foreclosure procedure, in any event, which is somewhat contrary to the position it took in its opening memorandum in support of summary judgment.  (Id. at 1-2.)  I pause to address the applicable law question in order to explain the fall-back position taken by the United States, but ultimately agree with the United States that FmHA Instruction 1951-S, Exhibit A satisfied the requirements of 14 M.R.S. § 6111(1).

**A.      Applicable Law**

In United States v. Kimbell Foods, 440 U.S. 715 (1988), the Supreme Court discussed the manner by which a federal court should decide what law to apply in disputes involving federal loan programs where Congress has not promulgated a statute addressed to the question at hand. The Court concluded that the source of law is federal, but that, due to the absence of any federal statutory scheme, a court should consider whether to incorporate local state law rather than fashioning a uniform federal rule of decision.  Id. at 718, 726-28.  In Kimbell Foods, the dispute was over the priority of liens arising from federal farm and small business loans.  Id. at 718, 723. The Court held that there was no need for a uniform, national rule, and that the district court should apply state law to resolve the disputes.  Id. at 740.

Although it would seem eminently logical for the Court to simply apply Maine foreclosure law, in light of Kimbell Foods, the United States says it does not have to comply with § 6111, because the Third Circuit, in a somewhat similar case, held that the United States' failure to observe a certain Pennsylvania foreclosure notification statute did not prevent a foreclosure from going forward in federal court.  United States v. Spears, 859 F.2d 284 (3rd Cir. 1988).  In Spears, the Third Circuit acknowledged that there was no cause to create a national rule with respect to adequate notification, but nevertheless held that a Pennsylvania notification

statute did not need to be observed in federal court, asserting that "a rote requirement of notification" would be pointless where the demanded notice would only inform the mortgagor of something that was already known to her, and that such a scenario is not one that "would justify an exception to general provisions of law."[3]  Id. at 291.  In the Third Circuit's view:  "Adherence to non-productive procedures that only result in additional expense and delay fails to support grafting state procedures on to a federal program."  Id.  In effect, the Court held that the United States' effort to foreclose on a federal loan in federal court should not be frustrated by non-compliance with state procedural regulations when the United States has observed FmHA notice procedures and the mortgagor fails to demonstrate that non-compliance with additional state procedure resulted in prejudice.  Id. at 286, 291.

I am not entirely convinced that the Spears rationale is faithful to Kimbell Foods because it appears to establish a national rule respecting prejudice in a context where the Supreme Court has held that there is no cause to fashion a national rule.  In any event, I conclude that FmHA Instruction 1951-S, Exhibit A was sufficient to satisfy the requirements of 14 M.R.S. § 6111(1), which avoids the need for an extended digression into the Kimbell Foods factors and the reasoning set forth in the Spears opinion.

---

[3]  It is not entirely clear what the Third Circuit meant by "general provisions of law."  Federal regulations call upon (but do not require) local offices of the Farm Service Agency to observe state law and procedure, generally.  See, e.g., 7 C.F.R. § 1900.102(c) (pertaining to "applicable law" and reflecting the Department of Agriculture's expression of intent that "[i]n order to implement and facilitate these Federal loan programs, the application of local procedures, especially for recordation and notification purposes, may be utilized to the fullest extent feasible and practicable.")  As for this case, the United States set out to follow Maine procedure, according to its initial memorandum in support of summary judgment, but overlooked 14 M.R.S. § 6111(1).  Possibly the Third Circuit was stating that the Pennsylvania notice provision at issue was outside the bounds of what is typical of state foreclosure notice requirements.  The United States has not demonstrated that the 30-day notice and opportunity to cure set out in § 6111(1) is at all atypical of state law generally.

The Spears Court also spoke of a distinction between substantive and procedural rules, but the distinction is not easily explained when one is concerned with laws designed to protect state citizens from the unnecessary loss of a home.  The statute in question supplies procedural rights to ensure substantive ends by restricting the contractual conditions under which residential loans may be accelerated and foreclosed.  See Sinclair v. Sinclair, 654 A.2d 438, 439-40.

**B.      14 M.R.S. § 6111(1)**

Assuming that 14 M.R.S. § 6111(1) applies, the United States makes two arguments for why the statute does not prevent summary judgment on its foreclosure action against Vicki Williams.  First, the United States argues that the loans were not for personal, family, or household use.  Second, it argues that the notifications it provided to the Williams family were sufficient to satisfy § 6111(1).  I find that there is a genuine issue whether 14 M.R.S. § 6111(1) is implicated because it is undisputed that Ms. Williams has her primary residence on the property in question and she attests that the purpose of the notes and mortgages was to obtain credit for personal, family, and household use.  The United States takes the position that the notes necessarily were for commercial purposes because they were "farm ownership" loans, but the United States does not explain why a farm ownership loan cannot accommodate the sort of mixed personal/family/household use and commercial use common to family farms, which has long been implicit in the Agency's former moniker, "Farmers Home Administration."[4]  The summary judgment record reflects a genuine issue of fact whether the loans were for personal, family or household use.  It is also undisputed that the premises contain the primary residence of Vicki Williams.  These facts implicate 14 M.R.S. § 6111(1), which is operative when foreclosure is upon premises used as the mortgagor's primary residence and the loan was for personal, family, or household use.  That leaves the question of whether the notifications Vicki Williams received were sufficient to satisfy the requirements of § 6111(1).

---

[4]      The Agency is now called the Farm Service Agency.

Failure to provide notice under § 6111 is an affirmative defense and Williams bears the burden of proving a failure to comply. ABN AMRO Mortg. Group v. Willis, 2003 ME 98, ¶ 5, 829 A.2d 527, 529. Section 6111 states, in pertinent part:

> 1. NOTICE; PAYMENT. With respect to mortgages upon residential property located in this State when the mortgagor is occupying all or a portion of the property as the mortgagor's primary residence and the mortgage secures a loan for personal, family or household use, *the mortgagee may not accelerate* maturity of the unpaid balance of the obligation *or otherwise enforce the mortgage* because of a default consisting of the mortgagor's failure to make any required payment, tax payment or insurance premium payment, by any method authorized by this chapter *until at least 30 days after the date that written notice is given* by the mortgagee to the mortgagor and any cosigner against whom the mortgagee is enforcing the obligation secured by the mortgage at the last known addresses of the mortgagor and any cosigner *that the mortgagor has the right to cure the default by full payment of all amounts that are due* without acceleration, including reasonable interest and late charges specified in the mortgage or note as well as reasonable attorney's fees. If the mortgagor tenders payment of the amounts before the date specified in the notice, the mortgagor is restored to all rights under the mortgage deed as though the default had not occurred.

14 M.R.S. § 6111(1) (emphasis added). As reflected by the highlighted language, the statute requires that a mortgagee may not accelerate a loan or otherwise enforce a mortgage based on a payment default without giving written notice at least 30 days prior to acceleration and foreclosure that the mortgagor can cure the default by paying all amounts then due under the mortgage or note. There are statutory exceptions to this requirement, id. § 6111(5), but the United States does not contend that any are applicable. The question is whether the notifications sent to Ms. Williams by the United States were adequate for purposes of 14 M.R.S. § 6111.

I find that Exhibit N contained more than sufficient notice of an opportunity to cure the default because it communicated to the Williamses that they could avoid acceleration by bringing their payments current. (Reply Statement Ex. N ("The Agency will accelerate your loan if you continue to be delinquent . . . .").) The form also extended 60 days for the Williamses to

cure the payment default, twice the minimum required by Maine law. As already indicated, the mortgagor must demonstrate non-compliance as an affirmative defense, so the burden on this issue rests with Williams. Willis, 2003 ME 98, ¶ 5, 829 A.2d at 529. Because the form notifications used by the United States complied with § 6111(1), Williams fails to carry her burden on the affirmative defense she raises as an obstacle to foreclosure, the only obstacle she asserts in opposition to the motion.

## CONCLUSION

I conclude that Defendant Vicki Williams fails to generate a genuine issue of material fact for trial on the question of whether the United States complied with the notice requirements of 14 M.R.S. § 6111(1). Because this is the only issue raised in opposition to the motion for summary judgment, I RECOMMEND that the Court GRANT the motion (Doc. No. 30).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within ten (10) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

July 16, 2009