UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 08-CV-427-B-W |
| ) | |
| JAMES K. WILLIAMS, ) | |
| VICKI J. WILLIAMS, ) | |
| ) | |
| Defendants, ) | |
| ) | |
| FORD MOTOR CREDIT COMPANY, ) | |
| d/b/a MAZDA AMERICAN CREDIT, ) | |
| and GLOBAL ACCEPTANCE CREDIT ) | |
| COMPANY, LP, ) | |
| ) | |
| Parties-in-Interest. ) | |

**RECOMMENDED DECISION ON MOTION FOR
ENTRY OF DEFAULT JUDGMENT**

The United States filed this foreclosure action against Vicki J. Williams and her ex-husband, James K. Williams, seeking to foreclose on a collection of six USDA-FmHA farm ownership loans and three mortgages associated with five parcels in Alton and Hudson, described more precisely in the pleadings. In an amended complaint, the United States plead in Ford Motor Credit Company, d/b/a Mazda American Credit, and Global Acceptance Credit Company, as parties-in-interest. James K. Williams and the interested parties are presently in default. Vicki Williams, who resides on the premises, is resisting foreclosure. In a related decision, I have recommended that the Court grant the motion for summary judgment against Vicki Williams. This leaves unresolved a motion for entry of default judgment against James

Williams and the parties-in-interest, none of whom has opposed the motion for default judgment. I recommend that the Court grant the motion for default judgment. The United States has drafted a proposed judgment of foreclosure and sale for the Court's use (Doc. No. 32), as well as a certificate for the Clerk's use (Doc. No. 33).

### MOTION FOR DEFAULT JUDGMENT

The United States moves pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure for entry of judgment by default against Defendant James K. Williams and Parties-in-Interest Ford Motor Credit Company, d/b/a Mazda American Credit, and Global Acceptance Credit Company. (Docket No. 29.) The motion is supported by affidavit setting forth the amount due and the manner of computing per diem contract interest. The amended complaint identifies the notes and mortgages, attaches copies of the same, sets out the legal descriptions for the parcels, states a valid condition of default, computes the amounts due, and states the subordinate nature of the interests held by the Parties-in-Interest.

With respect to the United States' computation of amounts due, James Williams has given up the right to contest liability when he declined to participate in the judicial process. The Parties-in-Interest have similarly waived any objection concerning the subordinate nature of their interests in the premises. In re The Home Restaurants, Inc., 285 F.3d 111, 114 (1st Cir. 2002) (citing Franco v. Selective Ins. Co., 184 F.3d 4, 9 n. 3 (1st Cir. 1999), and Brockton Savings Bank v. Peat, Marwick, Mitchell & Co., 771 F.2d 5, 13 (1st Cir. 1985)); Franco v. Selective Ins. Co., 184 F.3d 4, 9 n. 3 (1st Cir.1999) ("A party who defaults is taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability."). I have reviewed the complaint and the affidavits in support of this motion, and conclude that this is not a case in which a hearing is required to set damages as I cannot identify uncertainty about the

amounts at issue.  In re The Home Restaurants, Inc., 285 F.3d at 114.  Parenthetically, Vicki Williams, the only party not in default, has admitted the amount due and owing, as represented in the statement of material fact offered in support of the motion for summary judgment against her. (Doc. No. 31, ¶ 4 & Doc. No. 36, ¶ 4.)

I RECOMMEND that the Court GRANT the motion for default judgment.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within ten (10) days of being served with a copy thereof.  A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

July 20, 2009

3